Mr. Bill A. Shirron Executive Director Arkansas Teacher Retirement System #3 Capitol Mall Little Rock, Arkansas 72201
Dear Mr. Shirron:
This opinion is being issued in response to your recent question regarding the method by which the board of directors of the Arkansas Teacher Retirement System approves hiring decisions that have been made by the executive director of the system.
In your correspondence, you note that in Op. Att'y Gen. No. 96-100, I addressed the question of whether the board must vote to approve (or disapprove) the director's hiring decisions. I concluded that under the language of A.C.A. § 24-7-303, the board must, indeed, vote to approve (or disapprove) the director's hiring decisions. The opinion did not address the issue of when such a vote must be taken.[1]
You indicate that under the current hiring system, the executive director hires new employees and allows them to begin working. The board, in turn, votes on the director's hiring decisions at the next board meeting. (The board meets once every quarter.)
You have asked:
 May the board retroactively approve (or disapprove) a hiring decision that has already been executed by the executive director, or must it vote on the decision before the decision can be executed?
It is my opinion that the board may adopt a procedure under which it can retroactively approve (or disapprove) a hiring decision that has already been executed by the executive director. It is my opinion further that the board may adopt a procedure under which it requires the director to obtain the board's approval prior to executing decisions.
I base this conclusion on the fact that the board is given the explicit authority to adopt its own rules of procedure. See A.C.A. § 24-7-304(d). The procedure that is currently followed is one that the board appears to have approved, at least tacitly. For this reason, I must conclude that the procedure is permissible.
This conclusion is bolstered by two other factors. The first is the fact that the executive director is granted the authority to make such hiring and purchasing decisions "as are required for the proper operation of the system." See A.C.A. § 24-7-303(g). The second is the board's meeting requirement. More specifically, the board is not required to meet any more frequently than quarterly. See A.C.A. § 24-7-304(a). Because the proper day to day operation of the system clearly could require certain hiring and purchasing decisions between quarterly meetings, and because the statute requires board approval of such decisions but requires only quarterly meetings, I must conclude that the legislature envisioned that the board could choose to adopt a procedure under which it would vote on such decisions after they have been made. Otherwise, the day to day operation of the system could be jeopardized.
Nevertheless, because the board is given the authority to adopt its own rules of procedure, it is my opinion that the board would be equally justified in adopting a procedure under which it required the director to obtain the board's approval prior to executing decisions. The choice as to which procedure is placed into effect is wholly within the domain of the board.
For the foregoing reasons, I conclude that the board may adopt a procedure under which it can retroactively approve (or disapprove) hiring and purchasing decisions that have been executed by the executive director. For the same reasons, I further conclude that the board may adopt a procedure under which it requires the director to obtain the board's approval prior to executing decisions.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] My office has never rendered a written or oral decision on this issue. Moreover, my office has never engaged in a legal (or informal) evaluation of any particular hiring or purchasing decision that has been made by the executive director.